# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**RONNIE WARREN**                                                                                            **PLAINTIFF**
**ADC #163049**

**v.**                  **Case No.: 4:22-cv-00561-LPR**

**ASA HUTCHINSON, et al.**                                                       **DEFENDANTS**

## ORDER

Plaintiff Ronnie Warren, in the custody of the Wrightsville Unit of the Arkansas Division of Correction, filed a *pro se* Complaint on June 13, 2022.[1] Mr. Warren sought a declaratory judgment and temporary injunctive relief.[2] Upon screening, the Court concluded that Mr. Warren failed to sufficiently allege Article III standing.[3] The Court gave Mr. Warren thirty days to amend his Complaint.[4] Mr. Warren has done so, and the Court now screens Mr. Warren's Amended Complaint.[5]

**I. Screening**

Before docketing a complaint, or as soon as practicable after docketing, the Court must review the complaint to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief.[6] Although a complaint requires only a short and plain statement showing that (if the allegations are

---

[1] Compl. (Doc. 1).

[2] *Id.*

[3] Order (Doc. 7) at 3–4. The Court also granted Mr. Warren's Motion to Proceed *In Forma Pauperis*. *Id.* at 2.

[4] *Id.* at 4.

[5] Am. Compl. (Doc. 8).

[6] 28 U.S.C. §§ 1915A, 1915(e)(2)(B).

ultimately proved) the pleader is entitled to relief, the factual allegations must be sufficient to raise the right to relief above a speculative level.[7] A *pro se* complaint is construed liberally, but it must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.[8]

### A. Factual Allegations

For purposes of screening, the Court treats the following facts alleged in the Amended Complaint as true. On February 8, 2016, Mr. Warren entered into a plea agreement with the State of Arkansas, which resolved a criminal charge that Mr. Warren was facing.[9] As part of that agreement, the State and Mr. Warren agreed that Mr. Warren would be responsible for the following fines and fees: (1) $150.00 for court costs; (2) $1,000.00 for fines; (3) $20.00 for booking fees; (4) $500.00 for public defender fees; and (5) $250.00 for a sex offender registration fee.[10] The plea agreement sets out a payment schedule.[11] Within 120 days after his release from custody, Mr. Warren must begin making monthly payments in the amount of $55.00 with $50.00 going to his fines and fees, and $5.00 going to a collection fee.[12]

Mr. Warren is concerned that he will be forced to pay these fines and fees earlier than he is required to under the plea agreement. Mr. Warren bases his fear on Arkansas Act 1110, which allows Arkansas Department of Corrections (ADC) officials to use an inmate's federal COVID-related stimulus funds to satisfy that inmate's court-ordered costs, fines, fees, and restitution.[13]

---

[7] *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[8] *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[9] Am. Compl. (Doc. 8) at 2.

[10] *Id.*

[11] *Id.*

[12] *Id.*; *see also Arkansas v. Ronnie Warren, Sr.*, No. 04CR-15-1023, Feb. 17, 2017 Plea Agreement and Order. The Court takes judicial notice of this Plea Agreement and Order.

[13] Ark. Code Ann. § 12-29-120.

ADC officials have "taken $1,720.00 of [Mr. Warren's] $2,400 stimulus money."[14] Mr. Warren claims that using his confiscated stimulus funds to pay any costs, fines, fees, or restitution imposed as a result of his plea agreement violates his rights under both federal law and Arkansas state law.

### B. Legal Claims

Mr. Warren claims that ADC officials violated (or will violate) the Contracts Clause, Equal Protection Clause, and Due Process Clause of the United States Constitution. He further alleges violations of Arkansas's Constitution (due process) and Arkansas common law (breach of contract).[15] Mr. Warren brings this suit against the following Defendants in their official and individual capacities: (1) Governor Asa Hutchinson; (2) ADC Secretary Solomon Graves; (3) Arkansas Division of Correction Director Dexter Payne; and (4) the Arkansas General Assembly.[16] The Arkansas General Assembly must be dismissed as a Defendant because it is not a "person" for purposes of 42 U.S.C. § 1983.

#### 1. Claims That Fail Screening

Mr. Warren's Equal Protection Clause claim is necessarily premised on the argument that prisoners are being treated differently than non-prisoners because Act 1110 only applies to state prisoners. The Equal Protection Clause essentially directs that "all persons similarly situated should be treated alike."[17] But to trigger heightened scrutiny under the Equal Protection Clause, a

---

[14] Am. Compl. (Doc. 8) at 1.

[15] *Id.* at 2, 4.

[16] In the Amended Complaint, Mr. Warren expressly identifies only Governor Hutchinson in the case caption. *Id.* at 1. In his original Complaint, Mr. Warren named all of the Defendants listed above. *See* Compl. (Doc. 1). The Court warned Mr. Warren that his Amended Complaint would render the original Complaint of no effect. Order (Doc. 7) at 4. So, taking a strict approach to the rules of pleading, only Governor Hutchinson should be considered a Defendant. The Court declines to be that strict at this time. Mr. Warren's Amended Complaint shows no intention to drop Secretary Graves, Director Payne, or the Arkansas General Assembly as Defendants. Instead, his failure to expressly name those Defendants a second time looks to be the result of Mr. Warren copying the Court's use of "et al." in the case caption.

[17] *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

law must "target[] a suspect class, or ha[ve] a disparate impact on a protected class and [be] motivated by a discriminatory intent."[18] Prisoners are not a class of persons protected by the Equal Protection Clause.[19] That means this Court must "apply rational basis scrutiny to" Act 1110.[20] There is no question that Act 1110's differential treatment of prisoners is rationally related to a legitimate government interest. Indeed, this Court has essentially said as much in prior rulings.[21] As such, Mr. Warren's Equal Protection Clause claim must fail.

Mr. Warren's Due Process Clause claims (both under federal and Arkansas state law) are insufficient.[22] If Mr. Warren means to make out a procedural due process claim, that claim fails. In *Mahers v. Halford*, the Eighth Circuit said that a "deduction from funds received from outside sources applied to satisfy an inmate's restitution obligations . . . did not violate the Due Process Clause."[23] This Court previously held that *Mahers* forecloses any procedural due process challenge to the portion of Act 1110 that authorizes using an inmate's stimulus funds to pay court costs, fines, fees, or restitution.[24] If Mr. Warren means to press a substantive due process claim, that claim fails because Act 1110 does not infringe on a fundamental right.[25]

Finally, Mr. Warren's claim that ADC officials enforcing Act 1110 "violates the terms of his contract with the State of Arkansas" (i.e., his plea agreement) cannot proceed.[26] This is a breach of contract claim. The proper defendant for such an action is the other contracting party,

---

[18] *New Doe Child #1 v. United States*, 901 F.3d 1015, 1027 (8th Cir. 2018).

[19] *Murray v. Dosal*, 150 F.3d 814, 818 (8th Cir. 1998).

[20] *New Doe Child #1*, 901 F.3d at 1027.

[21] *Hayes v. Rutledge*, 4:21-cv-00347 (Doc. 422) at 12; *see also Hayes*, (Doc. 79) at 20.

[22] *See Carroll v. Johnson*, 263 Ark. 280, 286, 565 S.W.2d 10, 14 (1978) (stating that Arkansas's "due process clause is not significantly different" than the Fourteenth Amendment's).

[23] 76 F.3d 951, 956 (8th Cir. 1996).

[24] *Hayes*, (Doc. 422) at 11; *see also Hayes*, (Doc. 79) at 13–14.

[25] *Hayes*, (Doc. 79) at 20–21.

[26] Am. Compl. (Doc. 8) at 4.

i.e., the State of Arkansas.  Mr. Warren has not named the State as a Defendant.  Nor could he—the State of Arkansas would be immune under the Eleventh Amendment.

### 2.  Claim That Passes Screening

Mr. Warren's Contracts Clause claim chins the very low bar applicable at the screening stage.[27]  Article I, § 10 of the United States Constitution prohibits states from "pass[ing] any . . . Law impairing the Obligation of Contracts . . . ."  A state statute "crosses the constitutional line" if it "operate[s] as a substantial impairment of a contractual relationship," and is not "drawn in an appropriate and reasonable way to advance a significant and legitimate public purpose."[28]

Mr. Warren has alleged that (1) he entered into a contract with the State of Arkansas, (2) the contract set out a payment schedule which did not require Mr. Warren to pay his costs, fines, and fees until he is released from custody, and (3) Act 1110 impairs his contractual rights by forcing him to pay the costs, fines, and fees earlier than the contract requires.  For screening purposes, that is enough.

## CONCLUSION

IT IS THEREFORE ORDERED that:

1. The claims against the Arkansas General Assembly are DISMISSED without prejudice.

2. Mr. Warren's Contracts Clause claim will be served on Defendants Governor Hutchinson, Secretary Graves, and Director Payne.

3. All other claims in Mr. Warren's Amended Complaint are DISMISSED without prejudice.

---

[27] Passing screening does not mean that the Contracts Clause claim will survive a motion to dismiss.  The Court's legal conclusions in this subsection are tentative and without the benefit of adversarial briefing.

[28] *Sveen v. Melin*, 138 S. Ct. 1815, 1821–22 (2018) (internal quotations and citations omitted).

4.	The Court directs the Clerk to prepare summonses for Governor Asa Hutchinson, Secretary Solomon Graves, and Director Dexter Payne, and deliver them along with a copy of the Amended Complaint (Doc. 8) and this Order to the United States Marshal for service, without requiring prepayment of fees and costs or security.

5.	The United States Marshal shall serve a copy of the Amended Complaint (Doc. 8), Summons, and this Order on Defendants Governor Hutchinson, Secretary Graves, and Director Payne.  Service for Governor Hutchinson should be attempted at both at 500 Woodlane Avenue, State Capitol Room 250, Little Rock, Arkansas 72201, and at the Arkansas Attorney General's Office, 323 Center Street, Suite 200, Little Rock, Arkansas 72201.  Service for Secretary Graves and Director Payne should be attempted through the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612.

6.	The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal of this Order would not be taken in good faith.

IT IS SO ORDERED this 6th day of September 2022.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE