IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RONNIE WARREN                                                                          PLAINTIFF
ADC #163049

v.                                    Case No. 4:22-CV-00561-LPR

SARAH HUCKABEE SANDERS, in
her official capacity as Governor of Arkansas, et al.                    DEFENDANTS

## ORDER

Plaintiff Ronnie Warren is a prisoner in the custody of the Arkansas Division of Correction. On July 22, 2022, Mr. Warren filed his Amended Complaint, which is the operative Complaint in this case.[1]  In the Amended Complaint, Mr. Warren said that "the A.D.C. has taken $1,720.00 of [Mr. Warren's] $2,400.00 stimulus money."[2]  An Arkansas statute, Act 1110 of 2021, instructs Defendants (state prison officials) to confiscate Mr. Warren's stimulus funds.[3]  Act 1110 tells Defendants to use the confiscated funds to pay off any outstanding court fines, fees, costs, and restitution owed by Mr. Warren.[4]  Then, as Act 1110 is currently enforced, any remaining funds go to Mr. Warren.[5]

---

[1] Am. Compl. (Doc. 8).

[2] *Id.* at 1.

[3] Ark. Code Ann. § 12-29-120.

[4] *Id.*

[5] Act 1110 requires Defendants to deposit the remaining stimulus funds "in equal parts to" the state prison system's general operating account and "[a]n inmate welfare fund . . . ." *Id.* § 12-29-120(d).  But this Court (in another lawsuit) permanently enjoined that practice because it violates the Takings Clause and the Due Process Clause of the United States Constitution.  *See Hayes v. Graves*, No. 4:21-cv-00347, 2022 WL 822881 (E.D. Ark. Mar. 16, 2022). Accordingly, a prisoner is entitled to any funds leftover after paying that prisoner's court fines, fees, costs, and restitution.  *Id.*

Mr. Warren owes (at least) $1,920 in fines and fees.[6]  These financial obligations flow from a plea agreement that Mr. Warren entered into with the State of Arkansas.[7]  Under the plea agreement, Mr. Warren doesn't have to pay the fines and fees until he is released from prison.[8] And even then he is only required to pay $55 each month.[9]  Mr. Warren says that his plea agreement with the State of Arkansas (including the $55/month payment schedule) is a valid and enforceable contract protected by the Contracts Clause of the United States Constitution.[10]  So, as he sees it, Act 1110 unconstitutionally "impair[s] the Obligation of Contracts" by forcing him to pay his fines and fees in a lump sum before he is released from custody.[11]

Pending before the Court is Defendants' Motion to Dismiss for Failure to State a Claim.[12] Mr. Warren has not responded to the Motion.  The Eastern District of Arkansas's Local Rules imply that failure to respond to a dispositive motion is not, standing alone, sufficient grounds to grant the dispositive motion.[13]  So the Court addresses the merits of Defendants' Motion. Defendants say that Mr. Warren has failed to state a Contracts Clause claim because (1) a plea agreement isn't a contract and (2) even if it was, Mr. Warren hasn't alleged a substantial impairment to the contractual relationship.[14]  Defendants are right on both fronts.

---

[6] Am. Compl. (Doc. 8) at 2.

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.* at 2–4.

[11] U.S. Const. art. I, § 10.

[12] Defs.' Mot. to Dismiss (Doc. 11).

[13] Local Rule 7.2(f).

[14] Br. in Supp. of Defs.' Mot. to Dismiss (Doc. 12) at 5–7.  Defendants also say that the case is moot because they used $1,920 of Mr. Warren's stimulus funds to pay off his fines and fees, then returned the remaining $680.69 to his inmate account. *Id.* at 4–5.  But that doesn't moot this case.  If anything, it shows that Mr. Warren suffered the exact injury he alleged was soon to occur: Being forced to have his plea-agreement fines and fees paid off in a lump sum before he was obligated to begin paying them at all. *See* Am. Compl. (Doc. 8) at 2–4.  Now, putting mootness aside, Mr. Warren may well have additional Article III problems.  If he is seeking the return of the money that Defendants

A plea agreement is not a contract.  While there are many cases out there that say that "plea bargains are essentially contracts,"[15] the word "essentially" is very important.[16]  In context, all that oft-quoted language means is that courts treat plea bargains as contracts for the purposes of interpretation.[17]  So basic principles of contract law may help resolve ambiguities in a plea agreement.[18]  But plea agreements are not actually contracts—much less contracts protected by the Constitution's Contracts Clause.[19]  The failure to allege the existence of a contract is sufficient on its own to grant Defendants' Motion to Dismiss.

Moreover, Mr. Warren's claim fails even if his plea agreement is a contract.  The substance of his claim is that Act 1110 requires him to pay his fines and fees earlier than the payment schedule contained in the plea agreement.[20]  To make out a Contracts Clause claim, however, a plaintiff must show that the challenged state law "substantially impairs a contractual relationship . . . ."[21]  The Eighth Circuit has said that "[a] state's interference with a minor contractual provision is not a substantial impairment" for purposes of the Contracts Clause.[22]  The payment schedule (i.e., the timing of the payments) in the plea agreement is a minor provision.  It is far more procedural than substantive—it simply tells the parties to the plea agreement how to carry out the fines-and-fees part of the agreement.  Act 1110 neither changes the amount of money Mr. Warren owes under

---

already paid out to others, then his case may have real sovereign-immunity problems.  However, it does not appear that Defendants have raised sovereign immunity in their September 27, 2022 Brief.

[15] *E.g.*, *Garza v. Idaho*, 139 S. Ct. 738, 744 (2019) (quoting *Puckett v. United States*, 566 U.S. 129, 137 (2009)).

[16] Indeed, the entire quote from *Puckett* is: "*Although the analogy may not hold in all respects*, plea bargains are essentially contracts." *Puckett*, 566 U.S. at 137 (emphasis added); *see also Garza*, 139 S. Ct. at 744.

[17] *United States v. Ritchison*, 887 F.3d 365, 369 (8th Cir. 2018).

[18] *See id.*

[19] *See id.*

[20] Am. Compl. (Doc. 8) at 2–4.

[21] *Heights Apartments, LLC v. Walz*, 30 F.4th 720, 728 (8th Cir. 2022).

[22] *Id.* (citing *Sveen v. Melin*, 138 S. Ct. 1815, 1824 (2018)).

3

the plea agreement, nor requires Mr. Warren to serve additional prison time based on the criminal charges that the plea agreement resolved.  Act 1110's effect is limited to creating a small exception to the payment schedule for a specific category of windfall funds.  In short, Act 1110 does not "undermine[] the contractual bargain" in any way that can be described as "substantial."[23]

Accordingly, the Court GRANTS Defendants' Motion to Dismiss.[24]

IT IS SO ORDERED this 11th day of January 2023.

 

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[23] *Id.*

[24] The Court has changed the caption in this case to reflect that Sarah Huckabee Sanders is now the Governor of Arkansas.  This change has been made pursuant to Federal Rule of Civil Procedure 25(d).